IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEIDI SUE LUCAS,

       Plaintiff,

v.                                                                                       14cv651 WPL

CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*,

       Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before me on Lucas's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act. (Doc. 25.) Lucas seeks $6,362.60 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner of the Social Security Administration filed a response (Doc. 26), and Lucas filed a reply (Doc. 27). Upon review of the briefing, the record, and the relevant law, I grant the motion for EAJA fees in the amount requested.

Attorney's fees are required under the EAJA if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). In this case, the Commissioner argues only that her position was substantially justified. Her "position" refers to both the Commissioner's position in the federal civil case and the agency's actions at the administrative level. 28 U.S.C. § 2412(d)(2)(D).

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (quotation omitted). "[T]he government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government's position can be justified even though it is not correct." *Id.* (quotation omitted). In particular, "[w]hen an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (unpublished) (quoting *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)).

When the agency applies the wrong legal standard, the Commissioner "[cannot] show that [her] position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001) (unpublished); *see Gatson v. Bowen*, 854 F.2d 379, 380-81 (10th Cir. 1988) (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

The Commissioner argues that her position is substantially justified for several reasons. First, regarding my holding that the ALJ, in weighing medical opinions, "did not attempt to address any of the factors in 20 C.F.R. § 404.1527(c)" (Doc. 23 at 15), the Commissioner contends that she "reasonably argued . . . that the ALJ's decision reflected consideration of some of the . . . factors, as required." (Doc. 26 at 3.) Lucas counters that "[t]his is not the venue to claim that this Court erred in the holding of the Memorandum Opinion." (Doc. 27 at 2.) As a preliminary matter, I agree with Lucas that this is not the correct juncture to challenge my ruling.

If the Commissioner believed that I erred, she should have appealed the decision to the Tenth Circuit.

Next, regarding my holding that "the ALJ erred in his discussion of Dr. Gucker's opinion for failing to clearly specify the weight given to his opinion, accompanied by a discussion of the factors in 20 C.F.R. § 404.1527, in accordance with SSR 96-6p" (Doc. 23 at 17), the Commissioner contends that "she reasonably argued that the ALJ's decision was clear enough to show how [the ALJ] weighed the state agency medical opinions . . . ." (Doc. 26 at 3.) Again, this is not the correct juncture to challenge my ruling.

Nevertheless, to support her argument, and to counter my assertion that the ALJ's opinion was "disorganized" (Doc. 23 at 17), the Commissioner cites three Tenth Circuit cases demonstrating that unclear ALJ opinions can be found reasonable upon review: *Endriss v. Astrue*, 506 F. App'x 772, 777 (10th Cir. 2012) (unpublished), *Pisciotta v. Astrue*, 500 F.3d 1074, 1077-78 (10th Cir. 2007), and *Davis v. Erdmann*, 607 F.2d 917, 919 n.1 (10th Cir. 1979). All three cases, however, are distinguishable because they neither address the relevant legal standard, i.e., the Commissioner's position cannot be substantially justified when the ALJ commits legal error, nor permit the Commissioner to obtain an appeal from the District Court.

Accordingly, I find that the Commissioner's position as a whole was not substantially justified.

IT IS THEREFORE ORDERED THAT the motion is GRANTED and Plaintiff is awarded $6,362.60 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

IT IS FURTHER ORDERED THAT, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED.

/s/ William P. Lynch<br>
William P. Lynch<br>
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.